[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 29, 2008
THOMAS K. KAHN
CLERK

No. 07-14283
Non-Argument Calendar

_____

D. C. Docket No. 04-01605-CV-NE

MELVIN RAY,

Petitioner-Appellant,

versus

DONAL CAMPBELL,
Commissioner,
ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 29, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Melvin Ray, a pro se Alabama prisoner serving life imprisonment without parole for murder, appeals the district court's denial of his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254.[1] According to the petition, Ray's trial counsel Artur Davis was constitutionally defective for failing to present two alibi witnesses at Ray's murder trial. During Ray's state post-conviction proceedings, in which Ray raised the issue of ineffective assistance of counsel, Davis submitted an affidavit stating that no one had informed him of the potential alibi witnesses, but that Ray had admitted helping another dispose of the victim's body. Ray submitted two affidavits contradicting Davis's statement. Without holding a hearing, the state court concluded that the representation was constitutionally sufficient.

Ray then filed the instant federal petition. The magistrate judge recommended an evidentiary hearing in light of the contradictory statements. At the hearing, Davis testified that, although he was aware of the witnesses, he did not

---

[1] In his § 2254 petition, Ray raised numerous grounds for relief. After considering the petition, the magistrate judge concluded that most of the claims were unexhausted, procedurally defaulted, or without merit. The magistrate judge recommended an evidentiary hearing on a single issue of ineffective assistance of counsel for failure to present an alibi defense, after which the court denied the claim on the merits. Only this single issue is before this court on appeal. In his brief, Ray also argues that he was actually innocent of the offense and that because the district court failed to consider all the claims raised in his petition, there is no final order disposing of all claims and this court lacks jurisdiction. We do not consider these issues, as they are beyond the scope of the COA and this court has denied Ray's motion to expand the COA. In any event, a review of the record confirms that the district court did, in fact, consider all issues raised by Ray.

2

present their testimony at trial because Ray had admitted that he participated in disposing of the victim's body. The two potential alibi witnesses testified, explaining that Davis had told them he would not call them as witnesses because Ray would be acquitted. Ray also testified, confirming that he informed Davis of the alibi and denying that he admitted any participation in the crime.

At the recommendation of the magistrate judge, the district court denied the § 2254 petition, concluding that Davis's testimony was more credible and that for Davis to have presented the alibi witnesses would have been inconsistent with his duties as an officer of the court in light of Ray's admission of his participation in the crime. The district court granted a certificate of appealability ("COA") on the sole issue of whether counsel was ineffective for failing to present an alibi defense.

We review de novo a district court's denial of a habeas corpus petition. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). The district court's factual findings are reviewed for clear error, while mixed questions of law and fact are reviewed de novo.[2] Id. An ineffective assistance of counsel claim is a mixed question of law and fact subject to de novo review. Id. We will defer to a district

---

[2] Typically, we review state court judgments under a highly deferential standard of review under the AEDPA. McNair, 416 F.3d at 1297. However, we do not have to address the AEDPA when neither party argues that we should apply the AEDPA's deferential standard of review, and the only issues raised involve the district court's findings and conclusions that it made after conducting an evidentiary hearing. Sullivan v. DeLoach, 459 F.3d 1097, 1108 n.5 (11th Cir. 2006), cert. denied, 127 S.Ct. 1821 (2007).

court's credibility determination because the district court has the opportunity to observe the witnesses.  Carr v. Schofield, 364 F.3d 1246, 1264-65 (11th Cir. 2004).

To make a successful claim of ineffective assistance of counsel, a defendant must show that  (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  A strong presumption exists that counsel provided adequate assistance.  Id. at 690.  Additionally, counsel's decision not to investigate certain facts at all is not unreasonable when the defendant has given counsel reason to believe that the investigation would be useless.  Id. at 691.  We have held that it is not ineffective representation when counsel does not present false or misleading testimony.  Schwab v. Crosby, 451 F.3d 1308, 1321 (11th Cir. 2006), cert. denied, 127 S.Ct. 1126 (2007); see also Nix v. Whiteside, 475 U.S. 157, 175-76, 106 S.Ct. 988, 998-99, 89 L.Ed.2d 123 (1986) (holding "as a matter of law" that federal habeas petitioner could not show prejudice by his counsel's refusal to allow him to perjure himself at trial "[e]ven ... assum[ing] that the jury might have believed his perjury"); Putman v. Head, 268 F.3d 1223, 1246 (11th Cir. 2001) ("Although an attorney has an ethical duty to advance the interest of her client, that duty is limited by an equally solemn duty to comply with the law and standards of professional conduct.") (internal quotation marks, alteration, and

4

citation omitted); Davis v. Singletary, 119 F.3d 1471, 1475 (11th Cir. 1997) ("The duty to render effective assistance of counsel does not include the duty to present false or misleading testimony."); Scott v. Dugger, 891 F.2d 800, 803 (11th Cir. 1989) ("[A]ppellant's lawyer could not have rendered ineffective assistance by failing or refusing to present a false defense.").

Here, upon review of the record and the parties' briefs, we discern no reversible error. Although there may have been inconsistent testimony regarding whether the witnesses informed Davis of their alibis, such inconsistencies are not relevant to the issue of whether Davis provided competent representation. Although the court may have found the alibi witnesses to be credible, the court did not believe Ray when he denied telling Davis that he participated in the crime. Ray's admission of his involvement in the crime left Davis with an ethical obligation not to provide false or misleading testimony before the court. Thus, counsel's performance was not constitutionally defective for failing to investigate or present an alibi defense, as presenting the defense would have required counsel to elicit testimony that he knew was false. Accordingly, we AFFIRM.